Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of possessing intoxicating liquor in dry area for the purpose of sale, and his punishment was assessed at a fine of $150.

The record is before us in the same condition as the record in the case of Gholston v. State, Tex.Cr.App., 113 S.W.2d 1233, in which the judgment of conviction was this day reversed.

For the reasons therein stated, the judgment of the trial court is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## WAMPLER v. STATE.
### No. 19373.

Court of Criminal Appeals of Texas.

Feb. 16, 1938.

J. R. Creighton and J. T. Ranspot, both of Mineral Wells, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is assault with intent to murder without malice; the punishment, confinement in the penitentiary for two years.

Notice of appeal was given on the 31st day of March, 1937. The statement of facts was filed in the trial court on the 30th day of June, 1937, which was 91 days after notice of appeal had been given. A statement of facts filed in the trial court more than 90 days from the date of notice of appeal is not entitled to consideration on appeal. Article 760, subd. 5, C.C.P.; Rountop v. State, 131 Tex.Cr.R. 615, 100 S.W.2d 706.

In the absence of the statement of facts we are unable to appraise the objections to the court's charge.

The judgment is affirmed.